IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CORTEZ D. GILLUM,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 14-cv-00546-JPG |
| | ) |
| **RICHARD WATSON,** | ) |
| **THOMAS T. TRICE,** | ) |
| **DEBRA HALEY,** | ) |
| **WEXFORD MEDICAL SERVICES, INC.** | ) |
| **PHIL McLAURIN,** | ) |
| **MARY ROBINSON-DAVIS, and** | ) |
| **ARAMARK FOOD SERVICES, INC.,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Cortez D. Gillum, an inmate currently housed in Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to the Federal Tort Claims Act, ("FTCA"), 28 U.S.C. §§ 1346, 2671–2680, and 42 U.S.C. § 1983, based on the conditions of his confinement and incidents that occurred while he was housed in the St. Clair County Jail.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>   (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>   (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

On February 19, 2013, at the direction of Captain Thomas T. Trice, Plaintiff and the other inmates in Cell Block D of the Jail, were taken into the dayroom and told that they would remain there on lockdown until gang members were identified. Plaintiff and the others remained in the dayroom for approximately 24 hours without water, and with no blankets or mats to sleep on. The inmates were strip searched and eventually returned to their cells, where they were placed on lockdown for five more days. Captain Trice then appeared at Plaintiff's cell with other officers and had Plaintiff removed and placed in administrative detention.

Captain Trice explained that Plaintiff was being placed in the maximum security unit on administrative detention because he was determined to be a high ranking member of the Vice Lords. Plaintiff remained in administrative detention for 15 months—locked in his cell for 23 hours per day and never being allowed to go to the gym. As a result, Plaintiff's health deteriorated and he developed diabetes. Requests for release were denied by Captain Trice, despite Plaintiff's record of good behavior. Plaintiff asserts that his placement in segregation

was due to a St. Clair County Jail policy and custom of discriminating against black gang members and because of his conviction for attempting to murder a police officer.

In May 2013, Plaintiff contracted a bacterial stomach infection, which he contends his doctor and nurse attributed to digesting contaminated food. The contamination purportedly arose from rat feces, and the unsanitary conditions of the kitchen and unsanitary food preparation—all within the purview of Aramark Food Services, Inc., and Food Service Director Mary Robinson-Davis. Plaintiff's infection went undiagnosed for approximately two months, during which he lost 53 pounds and suffered from diarrhea, ulcers and acid reflux.

Plaintiff's stomach remained sensitive to certain foods. Nurse Debra Haley informed Plaintiff that he could only be given a special diet if Captain Trice and Supervisor Phil McLaurin approved. Plaintiff's multiple requests were ignored. Trice and Food Service Director Robinson-Davis eventually questioned Plaintiff about his dietary needs, but after discovering that Plaintiff had been ordering food items that he said he could not eat–purportedly to trade for commissary items he could eat—he was not given a special diet. Consequently, Plaintiff's medical condition deteriorated, his pain increased, and he had to be prescribed stronger medication.

Plaintiff, who had long taken Depakote for epilepsy, was prescribed Thorazine for Schizophrenia. Plaintiff began experiencing adverse side effects, so a doctor ordered the Thorazine prescription be suspended. Nurse Haley suspended all of Plaintiff's medications, including the medications he needed for his stomach ailments. A few days later, a doctor caught the mistake and ordered blood tests to check on Plaintiff's condition. At that point it was discovered that Plaintiff had diabetes, a side effect of the Depakote. Plaintiff contends that had his blood been tested every three months, as it should have been to check on the Depakote side

effects, he would not have developed diabetes. Plaintiff lays blame upon Nurse Haley and Wexford Medical Services, Inc.

In December 2012, Plaintiff was experiencing severe itching and a rash, which he thought was lice—scabies. Nurse Haley looked at Plaintiff's skin and concluded that Plaintiff did not have scabies. Nurse Haley recommended that Plaintiff buy some cortisone cream. The rash and itching worsened over the following month. A doctor eventually diagnosed as Plaintiff as having a lice infestation and scabies. Plaintiff contends Nurse Haley and Wexford Medical Services, Inc., "committed medial mistreatment" (Doc. 1, p. 12).

All of the aforementioned incidents are attributed to Sheriff Richard Watson in his official capacity. Plaintiff contends that Sheriff Watson knowingly condoned a custom, policy and practice of discriminating against black gang members, and discriminating against Plaintiff due to Plaintiff having been convicted of attempting to murder a police officer. It is also alleged that Sheriff Watson negligently supervised Jail staff.

Plaintiff prays for compensatory and punitive damages.

Based on the allegations in the complaint, the Court finds it convenient to divide the *pro se* action into seven counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

> **Count 1:** Captain Trice ordered Plaintiff detained in the day room for approximately 24 hours without water, in violation of the Eighth Amendment;
>
> **Count 2:** Captain Trice placed Plaintiff in administrative detention on 23-hour lockdown, for 15 months due to Plaintiff being a black gang member, and due to his conviction for attempting to murder a police officer, all in violation of the Equal Protection Clause of the Fourteenth Amendment and the Eighth Amendment;

> **Count 3:** Food Service Director Robinson-Davis and Aramark Food Services, Inc., failed to ensure that the food preparation and the food served to Plaintiff was sanitary, in violation of the Eighth Amendment;
>
> **Count 4:** Captain Trice, Supervisor McLaurin and Food Service Director Robinson-Davis denied Plaintiff a special diet in violation of the Eighth Amendment;
>
> **Count 5:** Nurse Haley and Wexford Medical Services, Inc., discontinued all of Plaintiff's medications and failed to regularly test his blood, all in violation of the Eighth Amendment;
>
> **Count 6:** Nurse Haley and Wexford Medical Services, Inc., failed to diagnose Plaintiff with scabies, in violation of the Eighth Amendment; and
>
> **Count 7:** Sheriff Watson negligently supervised Jail staff, and knowingly condoned constitutional violations against Plaintiff, a custom, policy and practice of discriminating against black gang members, and discriminating against Plaintiff due to the nature of his conviction, all in violation of the Eighth Amendment and Equal Protection Clause of the Fourteenth Amendment.

Although Plaintiff was being held in a county jail, the complaint indicates that Plaintiff had been convicted of attempting to murder a police officer. Therefore, the Eighth Amendment has been cited, as opposed to the Fourteenth Amendment standard applicable to detainees.

> Claims concerning the conditions of confinement of civil detainees are assessed under the due process clause of the Fourteenth Amendment. *See West v. Schwebke,* 333 F.3d 745, 747–48 (7th Cir. 2003). Civil detainees "are entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish." *Youngberg v. Romeo,* 457 U.S. 307, 321–22, 102 S.Ct. 2452, 73 L.Ed.2d 28 (1982). But the Supreme Court has not determined how much additional protection civil detainees are entitled to beyond the protections afforded by the Eighth Amendment bar on cruel and unusual punishment.

*McGee v. Adams*, 721 F.3d 474, 480 (7th Cir. 2013); *see also Currie v. Chhabra*, 728 F.3d 626, 629 (7th Cir. 2013) (regarding criminal detainees).

**Discussion**

As a preliminary matter, it is noted that the checkbox on the complaint form for a Federal Tort Claims Act ("FTCA") claim under 28 U.S.C. §§ 1346, 2671–2680 was marked. Because the FTCA is applicable only if action by a federal agent is at issue, any intended FTCA claims that Plaintiff intended will be dismissed with prejudice.

**Count 1**

Count 1 alleges that Captain Trice ordered that Plaintiff and others be held in the day room for 24 hours without water. The Eighth Amendment to the United States Constitution protects prisoners from being subjected to cruel and unusual punishment. *See also Berry v. Peterman,* 604 F.3d 435, 439 (7th Cir. 2010). It is well-settled, however, that conditions which are temporary and do not result in physical harm are not actionable under the Eighth Amendment. *See Johnson v. Pelker,* 891 F.2d 136, 138-39 (7th Cir.1989). Therefore, Count 1 fails to state a viable claim and will be dismissed without prejudice.

**Count 2**

Count 2, regarding Captain Trice placing Plaintiff in administrative detention, where Plaintiff did not have room to exercise and he was never permitted to use the gym, states a colorable conditions of confinement claim under the Eighth Amendment.

Insofar as it is alleged that Trice acted because Plaintiff was a gang member, gang affiliation cannot form the basis of an Equal Protection Clause claim. *See Harbin-Bey v. Rutter*, 420 F.3d 571, 576 (6th Cir. 2005).

As pleaded, the complaint does not adequately frame an Equal Protection claim premised upon race, either.

> The gravamen of equal protection lies not in the fact of deprivation of a right but in the invidious classification of persons aggrieved by the state's action. A

> plaintiff must demonstrate intentional or purposeful discrimination to show an equal protection violation. Discriminatory purpose, however, implies more than intent as volition or intent as awareness of consequences. It implies that a decision[-]maker singled out a particular group for disparate treatment and selected his course of action at least in part for the purpose of causing its adverse effects on the identifiable group.

*Nabozny v. Podlesny*, 92 F.3d 446, 453-54 (7th Cir. 1996) (quoting *Shango v. Jurich*, 681 F.2d 1091, 1104 (7th Cir. 1982)). There is also a second type of equal protection violation, a so-called "class-of-one" claim. *Engquist v. Oregon Dep't of Agriculture*, 553 U.S. 591, 601 (2008), and *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000), make clear that a class-of-one equal protection claim can succeed only if it is pleaded and proven that (1) the plaintiff has been intentionally treated differently from others similarly situated, and (2) there is no rational basis for different treatment. As pleaded, the equal protection aspect of Count 2 based on race does not meet the *Twombly* pleading standard—no more than a conclusory statement is offered.

Similarly, the claim that Trice was motivated by Plaintiff's conviction for attempted murder of a police officer is nothing more than a conclusory statement.

Therefore, the conditions of confinement aspect of Count 2 can proceed, but the equal protection aspects of Count 2 must be dismissed without prejudice.

**Count 3**

Count 3 alleges that Aramark Food Services, Inc., and Food Service Director Robinson-Davis failed to supervise the kitchen and food preparation, leading to Plaintiff being served contaminated food. This states a colorable Eighth Amendment claim.

**Count 4**

The allegations in Count 4 that Captain Trice, Supervisor Phil McLaurin and Food Service Director Robinson-Davis denied Plaintiff a special diet state a colorable Eighth Amendment claim.

**Count 5**

In Count 5 it is alleged that Nurse Haley and Wexford Medical Services, Inc., discontinued all of Plaintiff's medications and failed to regularly test his blood, all in violation of the Eighth Amendment. Prison officials can violate the Eighth Amendment's proscription against cruel and unusual punishment when their conduct demonstrates "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A medical condition need not be life-threatening to be serious; rather, it can be a condition that would result in further significant injury or unnecessary and wanton infliction of pain if not treated. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010).

The complaint lacks the factual underpinnings necessary under the *Twombly* standard to suggest that Nurse Haley acted with deliberate indifference. Negligence, even gross negligence, is insufficient (*Guzman v. Sheahan,* 495 F.3d 852, 857 (7th Cir. 2007)), as is medical malpractice (*Edwards v. Snyder,* 478 F.3d 827, 831 (7th Cir. 2007)). Therefore, the claim against Nurse Haley will be dismissed without prejudice.

The allegation that Wexford Medical Services was involved is conclusory and not supported by any factual allegations sufficient to satisfy the *Twombly* standard. Therefore, Wexford Health Services, Inc., also will be dismissed from Count 5, without prejudice. Consequently, Count 5 will be dismissed without prejudice.

**Count 6**

Count 6 alleges that Nurse Haley and Wexford Medical Services, Inc., failed to diagnose Plaintiff with scabies, in violation of the Eighth Amendment. As with Count 5, the complaint does not contain the minimum factual support for the assertion that Nurse Haley acted with deliberate indifference, and negligence, even gross negligence, is insufficient (*Guzman v.*

*Sheahan,* 495 F.3d 852, 857 (7th Cir. 2007)), as is medical malpractice (*Edwards v. Snyder,* 478 F.3d 827, 831 (7th Cir. 2007)). Furthermore, the allegation that Wexford Medical Services was involved is conclusory and not supported by any factual allegations sufficient to satisfy the *Twombly* standard. Therefore, Count 6 will be dismissed without prejudice.

**Count 7**

Count 7 alleges that Sheriff Watson negligently supervised Jail staff, and knowingly condoned constitutional violations against Plaintiff, a custom, policy and practice of discriminating against black gang members, and discriminating against Plaintiff due to the nature of his conviction, all in violation of the Eighth Amendment and Equal Protection Clause of the Fourteenth Amendment.

A defendant can never be held liable under Section 1983 for negligence. *Daniels v. Williams,* 474 U.S. 327, 328 (1986). Therefore, the negligent supervision aspect of Count 7 must be dismissed.

The aspects of Count 7 regarding Sheriff Watson knowingly condoning constitutional violations against Plaintiff lacks the minimal factual foundation required under the *Twombly* standard.

Finally, the allegations that Watson somehow sanctioned a custom, policy and practice of discriminating against black gang members, and discriminating against Plaintiff due to the nature of his conviction, fail for the same reasons detailed relative to Count 2.

Count 7 will, therefore, be dismissed without prejudice.

**Severance**

In *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), the Seventh Circuit emphasized that unrelated claims against different defendants belong in separate lawsuits. At this juncture, the

only viable claims are: Count 2 against Captain Trice regarding the conditions of confinement in administrative detention; Count 3 against Aramark Food Services and Food Service Director Robinson-Davis regarding unsanitary food and food preparation; and Count 4 against Captain Trice, Food Service Director Robinson-Davis Supervisor McLaurin regarding the denial of a special diet.  Counts 2 and 4 can proceed together because they are both against Captain Trice.  Count 3 must be severed because it is unrelated to Counts 2 and 4.

Plaintiff will be given an opportunity to confirm that he wants to proceed with Count 3, which will require the payment of a separate filing fee (or the filing of another motion for leave to proceed *in forma pauperis*, as the case may be).  If Plaintiff elects not to proceed, Count 3 will be dismissed without prejudice and no filing fee will be assessed.

### Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, any and all Federal Tort Claims Act claims under 28 U.S.C. §§ 1346, 2671–2680 are **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that **COUNTS 1, 5, 6 and 7** are **DISMISSED** without prejudice; accordingly, Defendants **WEXFORD MEDICAL SERVICES, INC.**, **NURSE DEBRA HALEY**, and **SHERIFF RICHARD WATSON** are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that the Fourteenth Amendment Equal Protection claim within **COUNT 2** is **DISMISSED** without prejudice; the Eighth Amendment claim in Count 2 shall **PROCEED** against **CAPTAIN THOMAS T. TRICE**.  **COUNT 4** shall also **PROCEED** against **CAPTAIN THOMAS T. TRICE, SUPERVISOR MARY ROBINSON-DAVIS** and **SUPERINTENDENT PHIL McLAURIN**.

**IT IS FURTHER ORDERED** that **COUNT 3** against **ARAMARK FOOD SERVICES, INC.**, and **NURSE DEBRA HALEY** is **SEVERED** into a new case presenting the following claim:

> **Food Service Director Robinson-Davis and Aramark Food Services, Inc., failed to ensure that the food preparation and the food served to Plaintiff was sanitary, in violation of the Eighth Amendment.**

On or before **July 14, 2014**, Plaintiff shall either (1) confirm in writing that he desires to proceed with the new case and either pay the $400.00 filing fee ($350.00 if pauper status is granted), or move for leave to proceed *in forma pauperis*; or (2) move to voluntarily dismiss the new case. If Plaintiff moves to voluntarily dismiss the new case, no filing fee will be assessed.

The Clerk of Court shall have the record reflect that **ARAMARK FOOD SERVICES, INC.**, and **NURSE DEBRA HALEY** are **TERMINATED** as defendants in this action.

Insofar as Counts 2 and 4 are proceeding in this case, the Clerk of Court shall prepare for Defendants **CAPTAIN THOMAS T. TRICE, SUPERVISOR MARY ROBINSON-DAVIS** and **SUPERINTENDENT PHIL McLAURIN**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if

not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Philip M. Frazier or further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to a United States Magistrate for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give

security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: June 30, 2014**

                    *s/J. Phil Gilbert*
                    **United States District Judge**