# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CORTEZ D. GILLUM, ) | |
| Plaintiff, ) | |
| v. ) | Case No. 3:14-cv-810-SMY-PMF |
| ARAMARK FOOD SERVICES, ) INC. et al., ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is defendants' motion to dismiss for failure to exhaust administrative remedies (Doc. No. 29). Plaintiff Cortez Gillum is challenging the conditions of his former confinement at the St. Clair County Jail, alleging that he was subjected to cruel and unusual punishment when defendants Aramark Food Service and Mary Robinson-Davis failed to ensure that food prepared and served to Gillum was sanitary. The motion seeks judgment on the defendants' affirmative defense of failure to exhaust administrative remedies. Those defenses were raised in the pleadings on file (Doc. Nos. 18, 19). The motion is opposed (Doc. No. 31). An evidentiary hearing was held on April 13, 2015. At the hearing, the Court obtained information to assess credibility and make findings regarding the administrative remedy procedures available to Gillum at the St. Clair County Jail as well as his efforts to comply with those procedures. *See Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008).

Detainees who wish to challenge aspects of their jail confinement are required to exhaust available administrative remedies before turning to the Court for a remedy. 42 U.S.C. §1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 84 (2006). Failure to exhaust is an

affirmative defense that must be proved by the defendants. *Pavey v. Conley*, 544 F.3d 739, 740-41 (7th Cir. 2008). The St. Clair County jail's procedural rules establish the contours of the requirement. See *Jones v. Bock*, 549 U.S. 199, 218 (2007). In other words, in order to exhaust, a detainee must file a grievance and appeal in the place and at the time the jail's rules require. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). Grievances are intended to give jail administrators an opportunity to address a concern. *Jones*, 549 U.S. at 218.

The grievance procedure at the St. Clair County jail is best understood as a 3-step process.[1] Before initiating the formal grievance process, the detainee must provide the Captain with a "Captain's Request." This is done using a form entitled "St. Clair County Sheriff's Department Request – Complaint Form." These forms have four sections for the detainee to describe his request and for the officer, supervisor, and administrator to describe their actions. If the request or complaint is not resolved via a Captain's Request, the detainee submits a formal grievance to the shift supervisor. This second step is initiated with a form titled "Detainee Grievance Form." Those forms have 3 sections: a space for the detainee to describe the nature of the grievance, a space for a description of the action/response, and a space for signatures by the detainee and the shift supervisor. That grievance is to be resolved by the immediate supervisor within 3 days. The third and final step is for the detainee to submit the same grievance form to the assistant jail superintendent through the on-duty shift supervisor. Those grievances require a response

---

[1] A handbook describing "Detainee Rules and Regulations" refers to Step 1 and Step 2. A note clarifies that there is a mandatory preliminary step (Doc. No. 29-2, p. 12). Hence, in practical terms, there are 3 steps in the administrative remedy process.

by the assistant superintendent and review by the jail superintendent. The jail superintendent's decision is the final resolution. Throughout his detention, Gillum had access to the necessary forms and understood the procedure. The jail maintains grievance records, which have been submitted and reviewed.

On September 17, 2013, Gillum submitted a "Detainee Grievance Form" to the shift supervisor (Doc. No. 31, pp. 8-10). In that grievance, he complained that he had been harmed from eating contaminated food prepared in an unsanitary kitchen. On the same day, a shift supervisor signed the grievance and sent a copy to a nurse (Doc. No. 31, p. 8).

Early in October, 2013, Gillum grew weary of waiting for a response. He kicked the bars of his cell, which drew the attention of defendant Trice. Gillum verbally discussed his concerns with Trice. At approximately the same time, someone provided Gillum with a copy of the September 17, 2013 "Grievance" form and explained that he needed to go back and start at the first step by turning in a Captain's Request.

On October 16, 2013, Gillum handed one "Request-Complaint" form to defendant McClaurin. He handed a second copy of this "Request-Complaint" form to defendant Trice (Doc. No. 29-3, pp. 20-23). Neither form describes the events alleged in this litigation. Rather, both pertain to Gillum's interest in moving to a different location.

At the evidentiary hearing, Gillum testified that the original forms he handed to Trice and McClaurin on October 16, 2013, contained a second page, and that details regarding his complaint about contaminated food were outlined on that second page. This testimony was not credible. It is incongruent with the forms on file, which contain

closing language (Thank you for your time) and include notes strongly suggesting that the entire request is contained on the first page.

At some point, Phillip McLaurin returned the October 16, 2013, form to Gillum and verbally informed him that his grievance was denied.

The persuasive evidence shows that Gillum did not follow the jail's administrative remedy procedure. When he submitted his grievance form to the shift supervisor on September 17, 2013, he bypassed the first step and attempted to begin at the second, formal step. Because Gillum had neglected to first submit a captain's request, the September 17, 2013, grievance was returned to Gillum without a decision on the merits. The evidence does not persuasively show that Gillum cured that error by going back and completing the first step by submitting a captain's request presenting concerns regarding contaminated food prepared in an unsanitary kitchen. In sum, the defendants have satisfied their burden of proof on their affirmative defense.

IT IS RECOMMENDED that defendants' motion to dismiss for failure to exhaust administrative remedies (Doc. No. 29) be GRANTED. This action should be dismissed without prejudice for failure to exhaust administrative remedies. If this recommendation is adopted, all other pending motions will be moot and no claims will remain for a decision.

**SUBMITTED: May 4, 2015**

        **s/Philip M. Frazier**
        **PHILIP M. FRAZIER**
        **UNITED STATES MAGISTRATE JUDGE**